IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


ROBERT L. WASHINGTON                                             PETITIONER


VS.                          CASE NO. 5:08CV00302 HDY


LARRY NORRIS, Director of the
Arkansas Department of Correction                                RESPONDENT


ORDER


The Court has received an application for writ of habeas corpus pursuant to 28 U.S.C.

§2254 from Robert L. Washington, an inmate in the custody of the Arkansas Department of

Correction (ADC).  Mr. Washington was convicted following a 2006 jury trial in Benton County

Circuit Court of aggravated robbery.  He was sentenced to a term of 720 months.  A direct

appeal[1] to the Arkansas Court of Appeals was unsuccessful.  *Washington v. State*, 2007 WL

3171940 (Ark. App. Oct. 31, 2007) (not designated for publication).  See Exhibit A to docket

entry no. 13.  Mr. Washington next filed a petition for post-conviction relief pursuant to Rule 37

of the Arkansas Rules of Criminal Procedure, alleging three grounds for relief: ineffective

assistance of counsel for failing to file a notice of appeal, ineffective assistance of counsel for

failing to request DNA and other testing on the nylon cap and knife used in the crime, and

ineffective assistance of counsel in failing to object to the racial composition (all white) of the

jury.  The petition was denied by the trial court on January 20, 2009.  The respondent states that

---

[1]On direct appeal, Mr. Washington argued that the verdict was not supported by sufficient
evidence, and that the trial court erred in failing, on two occasions, to grant a mistrial.

he is unaware that any notice of appeal was filed in the case.

In his current petition, Mr. Washington advances the following grounds for relief:

1.    Insufficiency of the evidence;

2.    The trial court erred in failing to grant a mistrial based upon the prosecutor's closing argument;

3.    Petitioner received ineffective assistance of counsel for failure to move for DNA and other testing of the nylon cap and knife used in the robbery;

4.    Petitioner received ineffective assistance of counsel when his attorney failed to object to an all-white jury;

5.    Petitioner was denied due process and equal protection when his trial counsel failed to obtain DNA and other testing of the nylon cap and knife used in the robbery;

6.    Petitioner is actually innocent; and

7.    The trial court erred in failing to grant a mistrial based upon the victim's testimony.

The respondent contends that grounds three, four and five are not properly before this Court due to the petitioner's failure to adequately raise these grounds in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra,* the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S.

2

527 (1986), and *Murray v. Carrier*, 477 U.S. 478 (1986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.   However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (1984); or third, if the litigant failed to receive the effective assistance of counsel.   *See Murray v. Carrier*, 477 U.S. at 488.   In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

The Court must acknowledge that we are giving serious consideration to dismissing grounds three, four and five because of the apparent procedural default.  Before making a final determination, though, we will give Mr. Washington an opportunity to explain why these grounds should not be dismissed.

Petitioner is granted until, and including, April 7, 2009, to submit a pleading in which he explains why these grounds are not procedurally barred.  Final consideration of this petition will be postponed pending the receipt of that pleading.

IT IS SO ORDERED this   11    day of March, 2009.

_____

UNITED STATES MAGISTRATE JUDGE